

**SO ORDERED.**

**SIGNED this 13 day of March, 2007.**

_____
                **JAMES D. WALKER, JR.**
    **UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 07-10255-JDW |
| RONALD E. PARTEN | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:                            Pro Se

For Creditors:                   T. Lee Bishop, Jr.
                                       P. O. Box 1791
                                       Albany, Georgia 31702

**MEMORANDUM OPINION**

This matter comes before the Court on motions for stay relief and expedited hearing. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(G). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor Ronald Parten filed a Chapter 13 petition on March 5, 2007. It was his second case filed during the past year. He filed the previous case on February 6, 2006, under Chapter 12. During the Chapter 12 case, on January 24, 2007, Creditors Ray and Jeanette Bittner received relief from the automatic stay with respect to certain real property owned by Debtor. After the grant of stay relief, Creditors began advertising the property for foreclosure sale on March 5, 2007–the first Tuesday in March–in accordance with Georgia law. Soon thereafter, Debtor voluntarily dismissed the Chapter 12 case on February 21, 2007. Debtor then filed the current case before Creditors could complete the foreclosure.

Creditors filed motions seeking stay relief and an expedited hearing to enable them to proceed with the foreclosure sale within the time specified by state law. The Court conducted an emergency telephone conference off the record with Creditors' attorney, Debtor acting pro se, and the Chapter 13 Trustee's attorney. Based on findings by the Court in Debtor's previous bankruptcy case, the Court determined Creditors' claim of debt exceeds the fair market value of the property at issue. At the end of the conference, the Court concluded it would lift the automatic stay. The Court entered an order granting the motion for stay relief on March 6, 2007,

before the foreclosure but in time to permit the foreclosure to be completed in accordance with Georgia law.

The Court enters this memorandum opinion to make its findings of fact and conclusions of law a matter of record, pursuant to Federal Rule of Bankruptcy Procedure 7052(a).

## Conclusions of Law

Creditors have argued Debtor's unsuccessful bankruptcy history demonstrates his inability to fund a feasible Chapter 13 plan. While the Court is concerned about Debtor's inability to propose such a plan, and while the history of his previous case serves as a negative indicator of his ability to do so, the feasibility argument is not the basis for this opinion.

The circumstances of this case implicate 11 U.S.C. § 109(g)(2). That provision of the Bankruptcy Code provides that no individual or family farmer may be a debtor if he has been a debtor in a previous case during the preceding 180 days and if he "requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." The purpose of § 109(g)(2) is to enable a creditor to enforce rights granted in an order entered in a previous case. If it were possible for a debtor to file a new case invoking the automatic stay following an unsuccessful case in which stay relief was requested, such stay relief would, in many cases, become a meaningless remedy.

In this case, Creditors initiated foreclosure proceedings by advertising the property for sale in reliance on a grant of stay relief by the Court entered during Debtor's prior Chapter 12 case. Debtor filed this case to prevent Creditors from conducting a foreclosure sale. Enactment of 11 U.S.C. § 109(g)(2) has rendered this debtors' tactic ineffectual.

Courts have divided somewhat on the application of § 109(g)(2) when the affected

creditor has consummated the foreclosure. In such circumstances, finding the debtor ineligible to file a subsequent case arguably serves no practical purpose. However, those facts are not present in this case, so the Court need not consider such arguments.

Based on a straightforward application of § 109(g)(2), Debtor is ineligible to be a debtor in this case. Creditors would suffer injustice and irreparable harm if the Court were unwilling to enforce § 109(g)(2) on an expedited basis. Such expedited consideration of a motion for stay relief is contemplated by 11 U.S.C. § 362(f), which authorizes the Court to grant stay relief with or without a hearing if "necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and hearing under subsection (d) or (e) of this section."

Fortunately, Debtor made himself available to participate in the hearing on the motion on very short notice by way of a telephone conference. While a hearing in open court would have been preferred, it was not possible to convene and complete such a hearing within the time permitted for Creditors to consummate the foreclosure under Georgia law.

Debtor was ineligible to be a debtor under the Bankruptcy Code at the time he filed this case as a consequence of his voluntary dismissal of his prior Chapter 12 case following a request for stay relief. Accordingly, it is necessary and appropriate to grant Creditors' current motion requesting stay relief on an expedited basis to prevent them from suffering irreparable harm.

END OF DOCUMENT